UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robbie Collins, #290946, | ) | C/A No. 2:15-cv-03378-RMG-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Robbie Collins ("Petitioner" or "Collins"), a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening. Having reviewed the instant Petition and applicable law, the Court finds this § 2254 Petition should be summarily dismissed.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is

1

charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791-92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner attempts to challenge the same conviction he challenged in a previous case, *Collins v. Padula*, Civ. A. No. 2:12-cv-710-CMC. In 2005, Petitioner was convicted of murder and

2

sentenced to life in prison. (*See* Dkt. No. 1 at 1 of 15.)[1] In *Collins v. Padula*, Civ. A. No. 2:12-cv-710-CMC, wherein Petitioner challenged his 2005 convictions for murder and possession of a firearm during a crime of violence, the Respondent filed a Motion for Summary Judgment. (*See* Dkt. No. 34 in Civ. A. No. 2:12-cv-710-CMC.) The Petitioner was appraised of the summary judgment procedure pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Petitioner filed several responses. (Dkt. No. 45; Dkt. No. 55; Dkt. No. 56; Dkt. No. 57; Dkt. No. 58; Dkt. No. 60 in Civ. A. No. 2:12-cv-710-CMC.) On July 29, 2013, the Honorable Bruce Howe Hendricks issued a lengthy Report and Recommendation wherein she recommended that Respondent's motion be granted. (*See* Dkt. No. 61 in Civ. A. No. 2:12-cv-710-CMC.) On August 23, 2013, the Honorable Cameron McGowan Currie adopted the Report and Recommendation and granted Respondent's Motion for Summary Judgment. (Dkt. No. 66 in Civ. A. No. 2:12-cv-710-CMC.) Petitioner appealed, and on June 4, 2014, the United States Court of Appeals for the Fourth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was not timely filed. (*See* Dkt. No. 88 in Civ. A. No. 2:12-cv-710-CMC.)

Collins filed the instant petition for writ of habeas corpus on or about August 20, 2015. (*See* Dkt. No. 1 at 15 of 15.)

## DISCUSSION

The instant § 2254 petition should be summarily dismissed. Petitioner raises the following grounds for review in the instant action (verbatim):

---

[1] Petitioner was also found guilty of possession of a firearm during a crime of violence in August of 2005. (*See* Dkt. No. 61 at 2 of 53 in Civ. A. No. 2:12-cv-710-CMC.)

> GROUND ONE: Extrinsic Fraud
>
> Supporting facts: At initial PCR trial counsel stated that I told he him I committed the crime this was why he didn't allow me to testify. He said he couldn't put me on the stand knowing I would lie. Counsel testimony was the reason my case didn't get turned over and granted a new trial. He lied knowing I never told him that.
>
> GROUND TWO: Extrinsic Fraud
>
> Supporting facts: PCR counsel withheld pertinent documentation that would of showed trial counsel was committing perjury. After PCR hearing PCR counsel mailed me the documentation. PCR counsel should of presented trial counsel with this evidence when he was committing perjury.

(Dkt. No. 1 at 5-7 of 15.)

To the extent Petitioner seeks habeas relief due to alleged errors in the PCR proceedings, he cannot do so herein, as errors in state PCR proceedings cannot serve as the basis for federal habeas relief. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.1988) (holding "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"). Similarly, to the extent Petitioner may assert his PCR counsel was ineffective, that claim is not cognizable herein. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Furthermore, to the extent Petitioner seeks to challenge his 2005 murder conviction in the instant § 2254 petition, the petition should be dismissed because it is successive. Title 28, United States Code Section 2244 provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed"

unless an exception applies. *See* 28 U.S.C. § 2244(b)(2); *see also* Rule 9, Rules Governing Section 2254 and 2255 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").[2]

The "AEDPA does not define 'second or successive.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). "[I]t is well settled that the phrase ['second or successive'] does not simply refer to all § 2254 applications filed second or successively in time." *Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (internal quotation marks and citations omitted). "In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000)). Petitioner's first § 2254 petition was adjudicated on the merits; the instant petition is therefore a successive one. *See Harvey*, 278 F.3d at 379; *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Epps v. McCall*, Civ. A. No. 1:13-cv-873-RMG,

---

[2] A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

2013 WL 2897016, at *1 (D.S.C. June 13, 2013) ("To be considered 'successive,' the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits." (citing *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006))).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court, . . . move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." (citing 28 U.S.C. § 2244(b)(3))). Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2254.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Petitioner's unauthorized, successive petition must be dismissed. *See Burton*, 549 U.S. at 153 (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

## RECOMMENDATION

Accordingly, it is RECOMMENDED that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an

answer or return. It is also RECOMMENDED that a certificate of appealability be denied.[3]

Petitioner's attention is directed to the important notice on the next page.

    IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 9, 2015
Charleston, South Carolina

---

[3] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).