IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robbie Collins, #290946, ) | |
| ) | No.: 2:15-cv-03378-RMG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 10), recommending that the petition for writ of habeas corpus be dismissed without prejudice and without requiring Respondent to file an answer or return. For the reasons stated below, the Court **ADOPTS** the R & R and **DISMISSES** the habeas petition.

On August 18, 2005, Petitioner was convicted of murder and sentenced to life in prison. (Dkt. No. 1 at 1). Petitioner filed an initial habeas petition challenging his conviction, which was denied. (Dkt. No. 66 in 2:12-cv-710-CMC). The Fourth Circuit subsequently dismissed his appeal for lack of jurisdiction due to untimely notice of appeal (Dkt. No. 88 in 2:12-cv-710-CMC).

Collins filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 20, 2015. (Dkt. No. 1). The petition raises two grounds for relief: (1) Petitioner's trial counsel allegedly lied at during the initial post-conviction relief (PCR) hearing, and (2) PCR counsel failed to challenge trial counsel with documentation that would have allegedly shown that trial counsel was committing perjury.

The Magistrate Judge recommended summarily dismissing the habeas petition because (1) errors in state PCR proceedings cannot serve as the bases for federal habeas relief, and (2) to

1

the extent that the petition seeks to challenge the 2005 murder conviction, it is an impermissible successive petition. (Dkt. No. 10). Petitioner filed objections to the R & R on January 28, 2016. (Dkt. No. 20).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); accord Fed. R. Civ. P. 72(b).

As a preliminary matter, this is a successive habeas petition that falls under no exceptions. Furthermore, Petitioner neither sought nor was granted permission to bring this successive petition. But even if the petition were not successive, initial PCR errors cannot serve as standalone bases for federal habeas relief. As the Supreme Court held in *Martinez v. Ryan*, inadequate assistance of counsel claims at initial state PCR hearings *may* establish cause for an otherwise procedurally defaulted claim of ineffective assistance at trial. 132 S. Ct. 1309, 1315 (2012). This means that PCR errors alone are not grounds for federal habeas relief, but may serve as an exception for grounds that would otherwise be procedurally defaulted. This exception is inapplicable here.

Having fully consider the R & R, the record, and the relevant legal standards, the Court finds that the Magistrate Judge ably and accurately set forth the legal and factual issues in this matter and correctly concluded that these claims are not cognizable on habeas review.

Therefore, the Court **ADOPTS** the R & R (Dkt. No. 10) as the order of this Court and **DISMISSES** the habeas petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 2, 2016
Charleston, South Carolina

3